IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-cv-0505-MJR-CJP |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

Plaintiff Keith James has filed suit against the Commissioner of Social Security to review an adverse social security decision against him (Doc. 1). He has also moved, pursuant to 28 U.S.C. § 1915, for the Court to allow him to commence this suit without prepayment of the filing fee. Congress requires federal courts to carefully screen complaints filed by alleged paupers and requires the courts to dismiss a purported pauper's suit if (a) the allegation of poverty is untrue; (b) the action is frivolous or malicious; (c) the action fails to state a claim upon which relief can be granted; or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2).

It appears that James is unable to pay the filing fees required; although initially, it may not seem so. According to his affidavit, James receives about $50 a month in wage income and $400 from his father-in-law. He also owns a house, an "old home" on 1 acre and a car, has $500 cash and has no debt. Initially, this appears to be enough either to pay the fee outright or give security for the fee. *See* 28 U.S.C. § 1915(a)(1) (2006) (noting that the Court is supposed to determine if the litigant "is unable to pay such fees," such as the filing fee, "or give security therefor"); *see also Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988) (noting that "district courts must make a preliminary

determination that the prospective litigant is indigent" (citing *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir. 1985))). His monthly income, however, is completely consumed by utility payments. He also has a wife and two dependents under 18 who depend upon him for support. "[A] person need not be absolutely destitute" before that person can move to proceed *in forma pauperis*. *Zaun v. Dobbin*, 622 F.2d 990, 992 (7th Cir. 1980) (citing *Adkins v. E. I. DuPont DeNemours & Co.*, 335 U.S. 331, 339 (1948)). Instead, all the person need show is that he or she cannot pay or give security for costs and fees and still be able to provide himself or herself and dependants with the necessities of life. *Id.* (citing *Adkins*, 335 U.S. at 339). James has made that showing.

Additionally, James' complaint states a claim and does not appear to be frivolous or malicious; nor does James seek monetary relief against an immune defendant. He claims that the Commissioner's decision was not supported by substantial evidence and thus, should be reversed and remanded.  James correctly notes that § 205(g) of the Social Security Act allows this sort of suit against the Commissioner. *See* 42 U.S.C. § 405(g) (2006).

Accordingly, the Court **GRANTS** James' motion to proceed *in forma pauperis* (Doc. 3). Having granted James pauper status and cognizant of the fact he proceeds pro se herein (without assistance of counsel), the Court **DIRECTS** the Clerk of Court to prepare and issue summons for the named Defendant.  Once the Clerk's Office issues the summons, the United States Marshals Service **SHALL SERVE** the summons and complaint on Defendant in accordance with Federal Rule of Civil Procedure 4.  Costs of service shall be borne by the United States.

**IT IS SO ORDERED.**

**DATED October 13, 2010.**

                                        s/ Michael J. Reagan
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**